UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISON

T.W., a minor child,   Case Number: 22 -

    Plaintiff,   Honorable

v.

THE CITY OF WARREN,
WARREN POLICE DEPARTMENT,
YOUHANNA (BADGE #116),
MUCZYNSKI (BADGE #121),
ZAYTO (BADGE #201),
AHMED (BADGE #009),
VERBEKE (BADGE #134),
KRANZ (BADGE #197),

    Defendants.

---

**James E. King, P85229**
Cochran Firm – Detroit
Attorney for Plaintiff
613 Abbott St., Suite 150
Detroit, MI 48226
(313) 774-2852
James.king@cochranfirmdetroit.com

---

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, T.W. (a minor child under the age of 18), by and through his attorney James E. King, and for Plaintiff's Complaint alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is a civil action for monetary relief for injuries sustained by Plaintiff as a result of the acts, conduct, and omissions of the City of Warren ("Defendant City"), Warren Police

Department ("Defendant Department"), and their respective employees, representatives, and agents, as named above, relating to the violation of Plaintiff's constitutional rights.

2. This action arises under 42 U.S.C. § 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. This action is also brought pursuant to the laws of the State of Michigan; both statutory and common law. This Court has ancillary jurisdiction over said claim.

4. Plaintiff, T.W. ("Plaintiff") was at all times pertinent hereto a resident of the City of Detroit, County of Wayne, state of Michigan.

5. The events giving rise to this complaint occurred in the City of Hazel Park and Ferndale, Macomb County, Michigan, within the jurisdiction of the Defendant City and Department.

6. Defendant Youhanna, a Warren police officer whose first name is unknown to Plaintiff, but at all times known to the Defendants, was at all times pertinent to this Complaint an officer employed by the City of Warren and was at all times relevant to this Complaint acting in the scope of his employment and under color of State law.

7. Defendant Muczynski, a Warren police officer whose first name is unknown to Plaintiff, but at all times known to the Defendants, was at all times pertinent to this Complaint an officer employed by the City of Warren and was at all times relevant to this Complaint acting in the scope of his employment and under color of State law.

8. Defendant Zayto, a Warren police officer whose first name is unknown to Plaintiff, but at all times known to the Defendants, was at all times pertinent to this Complaint an officer employed by the City of Warren and was at all times relevant to this Complaint acting in the scope of his employment and under color of State law.

9. Defendant Ahmed, a Warren police officer whose first name is unknown to Plaintiff, but at all times known to the Defendants, was at all times pertinent to this Complaint an officer employed by the City of Warren and was at all times relevant to this Complaint acting in the scope of his employment and under color of State law.

10. Defendant Verbeke, a Warren police officer whose first name is unknown to Plaintiff, but at all times known to the Defendants, was at all times pertinent to this Complaint an officer employed by the City of Warren and was at all times relevant to this Complaint acting in the scope of his employment and under color of State law.

11. Defendant Kranz, a Warren police officer whose first name is unknown to Plaintiff, but at all times known to the Defendants, was at all times pertinent to this Complaint an officer employed by the City of Warren and was at all times relevant to this Complaint acting in the scope of his employment and under color of State law.

12. Defendants are being sued in both their official and individual capacities.

13. Federal Jurisdiction is conferred by 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343 (Civil Rights).

14. This case is also brought pursuant to laws of the State of Michigan. This Court can exercise jurisdiction over claims because of ancillary jurisdiction.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the wrongful actions alleged herein occurred in Oakland County, Michigan and Defendant City and Defendant Department are public entities located and exercising their authority in Oakland County, Michigan, which is within the Eastern District of Michigan, Northern Division.

## GENERAL ALLEGATIONS

16. Plaintiff incorporates by reference the entire preceding paragraphs as though fully stated herein.

17. On June 2, 2022, Defendant officers conducted a traffic stop of Plaintiff in the city of Ferndale.

18. Although purportedly only pulling Plaintiff over for a traffic offense, Defendant officers approached with their weapons drawn pointed at the Plaintiff.

19. When Defendant officers reached Plaintiff's car, without announcement or stating any reason, Defendant officers reached into Plaintiff's car, and used unreasonably excessive force to physically remove Plaintiff from his car.

20. Defendant officers walked over to the front door on the passenger side of Plaintiff's car. Defendant officers aggressively yanked on both of Plaintiff's arms until Defendant officers were able to physically drag Plaintiff out of his car and onto the cement street before proceeding to brutally assault Plaintiff.

21. For some time, Defendant officers continuously and repeatedly punched, kicked, stomped, and kneed Plaintiff without pause while Plaintiff was laying defenseless on the street.

22. The actions of the Defendant officers against the Plaintiff cannot be reasonable within their official capacity or instruction.

23. Defendant officers failed to act as an objectively reasonable officer would act given the circumstances of the incident.

24. Further, Defendant officers acted with deliberate indifference to Plaintiff when Defendant officers aggressively removed the Plaintiff from his car, slammed him onto the street,

viciously assaulted Plaintiff repeatedly by punching, kicking, stomping, and kneeing continuously.

25. Therefore, Defendant officers are not afforded qualified governmental immunity.

### COUNT I: VIOLATION OF CIVIL RIGHTS, 42 USC § 1983, 4TH AMENDMENT RIGHT VIOLATION AGAINST DEFENDANT OFFICERS

26. Plaintiff incorporates by reference the entire preceding paragraphs as though fully stated herein.

27. At all relevant times, Defendant officers, collectively and each of them individually, were operating under the color of state law, authority vested in Defendant officers by the state of Michigan and Defendant City and Defendant Department to act as police officers.

28. The actions of Defendant officers, collectively, and each of them individually, created a danger depriving Plaintiff of his right from unreasonable seizure under the Fourth Amendment of the United States Constitution.

29. Defendant officers, collectively, and each of them individually, knew or reasonably should have known the reasonable amount of force necessary to effectuate Plaintiff's seizure.

30. Defendant officers, collectively, and each of them individually, knew or reasonably should have known that once Plaintiff was in their custody, Plaintiff was not resisting and not a threat.

31. Defendant officers, acting under the color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights. Further, their actions in the continued assault of Plaintiff show deliberate indifference and a deprivation of Plaintiff's constitutionally protected rights.

32. Lastly, Defendant officers' actions make Defendant officers the direct and proximate cause of Plaintiffs severe injuries.

### COUNT II: VIOLATION OF CIVIL RIGHTS, 42 USC § 1983, 4TH AMENDMENT RIGHT VIOLATION AGAINST DEFENDANT CITY

33. Plaintiff incorporates by reference the entire preceding paragraphs as though fully stated herein.

34. When the events alleged in this complaint occurred, Defendant officers were acting within the scope of their employment and under color of law.

35. At all material times, Defendant City and Defendant Department employed Defendant officers and is liable for their acts.

36. Defendant City and Defendant Department are responsible for the training, discipline, and supervision of police officers, including Defendant officers. The county is also liable because of its polices, practices, and customs, which led to this complaint of violation.

37. Defendant City and Defendant Department are responsible for promoting a custom of tolerance when Defendant City and Defendant Department fail to take any type of action to discipline, supervise, terminate employment of Defendant officers.

38. Defendant officers' above-described conduct deprived Plaintiff of clearly established right to be free from use of excessive force.

39. Defendant City and Defendant Department failed to adequately train Defendant officers on appropriate use of force procedures when effectuating arrests and/or detainments.

40. Defendant City and Defendant Department, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of polices, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

41. As a direct and proximate cause of these polices, practices, and customs, Plaintiff was deprived of his constitutionally protected rights described above.

## COUNT III: ASSAULT AND BATTERY

40. Plaintiff incorporates by reference the entire preceding paragraphs as though fully stated herein.

41. The acts and omissions of all Defendant officers, collectively, and each of them individually, as set forth above amounted to unwarranted assault and battery of Plaintiff's person, done without his consent, sufficient to constitute an assault and battery, as Plaintiff was placed in imminent fear of unlawful and unconsented touching.

42. The acts and omissions of Defendant officers, collectively, and each of them individually, as above described amounted to an assault and battery which was committed without justification, provocation, privilege, or probable cause.

43. The acts of Defendant officers, collectively, and each of them individually, amounted to an intentional unlawful act of corporal injury to Plaintiff by force and force unlawfully directed toward Plaintiff, under circumstances which created a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact.

44. Further the acts of Defendant officers, collectively, and each of them individually, are willful and harmful offensive touching of Plaintiff which resulted from an act intended to cause such contact.

45. As a direct and proximate result of the assault and battery, Plaintiff suffered injury and damages as described above, more specifically but without limitation, severe and persistent headaches, the threat of a permanent loss of vision, and facial lacerations.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff incorporates by reference the entire preceding paragraphs as though fully stated herein.

47. Defendant officers, collectively, and each of them individually, conduct as set forth above was intentional, extreme, outrageous, and of such a character as not to be tolerated by a civilized society.

48. Defendant officers conduct was for an ulterior motive or purpose.

49. Defendant officers conduct resulted in severe emotional distress to Plaintiff.

50. As a direct and proximate result of each of Defendant officers conduct, Plaintiff suffered, including but not limited to, humiliation, outrage, indignity, mental distress, anxiety, depression, and injury as more fully set forth above.

## COUNT V: GROSS NEGLIGENCE

51. Plaintiff incorporates by reference the entire preceding paragraphs as though fully stated herein.

52. Defendant officers, collectively, and each of them individually, owed Plaintiff a duty to perform their law enforcement duties competently without causing unnecessary injury or harm.

53. Defendant officers, collectively, and each of them individually, breached their duty by acting and/or failing to act as described above.

54. As a direct and proximate cause of Defendant officers gross negligence, specifically, Defendant officers actions constituted conduct so reckless as to demonstrate a substantial lack of concern for whether injury resulted to Plaintiff.

## PRAYER FOR RELIEF

Plaintiff, based on the wrongful acts and counts set forth above, requests this Court and the finder of fact to enter a judgment in Plaintiff's favor against all named Defendants on all counts and claims as indicated above in an amount consistent with the proofs at trial, and seeks against all Defendants all appropriate damages arising out of law, equity, and fact for each or all of the above counts where applicable and hereby requests that the trier of fact award Plaintiff all applicable damages, including without limitation:

1. Compensatory damages in an amount to be determined as fair and just under the circumstances by the trier of fact for Plaintiff's actual damages, including without limitation, severe physical injuries, medical disabilities, mental anguish, pain and suffering, and intentional infliction of emotional distress damages for physical injuries, pain and suffering, and attorney fees, interest, and costs pursuant to 42 U.S.C § 1983 as to Plaintiff's federal civil rights and constitutional violations;

2. Punitive and/or exemplary damages in an amount to be determined as reasonable or just by the trier of fact;

3. Reasonable attorney fees, interest, and costs; and

4. Other declaratory, equitable, and/or injunctive relief, including, but not limited to implementation of institutional reform and measures of accountability.

5. Such other relief as the Court deems just, equitable, and proper.

Respectfully Submitted,

Date 10/11/2022

*James King*
James E. King Jr. P85229

## JURY DEMAND

Plaintiff, by and through its attorney, James E. King, hereby demands a trial by jury on all claims set forth above.

Respectfully Submitted,

*James King*
James E. King Jr. P85229
*Managing Partner*
Cochran Firm Detroit
613 Abbott St., Suite 150
Detroit, MI 48226
313-774-2931

Date: 10/11/2022